## KENDALL v. DAY. ·

No. 1700.   Opinion Filed May 14, 1912.

(123 Pac. 1066.)

CONTRACTS—Conflicting Evidence—Directing Verdict.   Plaintiff sued for damages for failure to complete a contract to bore a well. Defendant pleaded a novation, alleging that he had sold the well drill and that plaintiff agreed to look to the purchasing parties for a completion of the contract, and released defendant from further obligation.   The testimony of several witnesses was offered in support of, and in denial of, such fact.   Held, upon conflicting testimony, it was error to instruct a verdict for plaintiff.

(Syllabus by Harrison, C.)

*Error from Harper County Court;
J. L. Griffitt, Judge.*

Action by M. T. Day against D. H. Kendall.   Judgment for plaintiff, and defendant brings error. ·  Reversed and remanded.

*Chas. W. White,* for plaintiff in error.

*E. J. Dick* and *Dale, Bierer & Hegler,* for defendant in error.

Opinion by HARRISON, C.   This action was begun in the county court of Harper county December 18, 1908, for damages resulting from a failure of defendant below to fulfill a contract to bore a well for plaintiff; plaintiff contending that he had engaged defendant to bore a well at a stipulated price per foot under a contract by which defendant agreed and bound himself to bore such well deep enough to afford a sufficient supply of water.   That defendant had bored said well to a certain depth; that plaintiff had paid him for the services rendered; that such well did not afford the necessary amount of water for plaintiff's use; and that defendant had refused to fulfill such contract, by reason of which plaintiff had been damaged in the sum of $144.

Defendant answered admitting the contract to drill the well and receipt of payment from plaintiff for the services already rendered, but alleged that he had bored the well to a depth which plaintiff thought was sufficient, and, plaintiff thinking the supply of water sufficient, defendant had moved his outfit away, still acknowledging, however, his obligation under the contract to sink such well to the depth desired by plaintiff, but that, after defendant had moved his machinery away from plaintiff's well, he sold same to other parties, and that, upon being informed by plaintiff that plaintiff desired the well bored to a greater depth because of the insufficient supply of water at its present depth, defendant informed plaintiff that he had sold his well-drilling outfit to other parties, and that subsequent to this date plaintiff and defendant and the parties to whom defendant had sold his drilling machinery entered into a different contract in which it was mutually agreed that the parties who had purchased the machinery from defendant should do whatever work plaintiff thought necessary to be done on said well, and that plaintiff was to look to such parties for further work, if any further work were necessary, and that by the terms of such agreement plaintiff released defendant from further obligations to complete said work in person and agreed to look to the purchasers of the well machinery for a completion of the well.

Plaintiff replied denying the agreement set up in defendant's answer. Upon a trial of the cause, defendant and other witnesses gave testimony in support of the allegation that plaintiff had released him from further personal obligation to complete the work and had agreed to look to the other parties, namely, Williams and Shrofshire, to whom he sold the outfit, for the completion of the well. Plaintiff denied such agreement and introduced his testimony in denial of same. In April, 1909, the cause was tried, resulting in a verdict for plaintiff in the sum of $80. Motion for a new trial was presented by defendant, which was overruled and judgment rendered on the

verdict by the court.   From which defendant, plaintiff in error, appeals.

The decisive question presented here is paragraph 7 of the court's charge, the same reading as follows:

"The court instructs the jury that from the evidence in this case you should find a verdict for the plaintiff, in assessing plaintiff's damages, you are not confined to the actual damage which the plaintiff suffered by reason of the breach of the said contract, but for expenses incurred by plaintiff resulting from the said willful breach."

It is contended by plaintiff in error that this instruction is a peremptory charge to the jury to find for the plaintiff.   It is also argued that such instruction fails to present to the jury the correct measure of damages.   On the latter contention it must be agreed that the charge is rather indefinite as to what constitutes the proper measure of damage.   On the first proposition there is no escape from the contention that from the language in which the instruction was given it might be reasonably inferred by the jury that the court meant to instruct for a verdict in favor of plaintiff.

It is contended by defendant in error that the court inadvertently left out the word "if" from the first clause in the instruction.   Whether this be true or not, we cannot say.   It would be just as reasonable to contend that the court omitted the word "and" just preceding the words "in assessing plaintiff's damages."   We have no means of ascertaining what the court intended to do.   We have merely the language of the court showing what he did do.   If the court intended to use the word "if" preceding the words "you should find a verdict for the plaintiff," opportunity was given to supply such word and correct such error in the motion for a new trial.   This error was pointed out to the court in the motion for a new trial, and, inasmuch as the motion for a new trial was overruled, it is hardly reasonable for this court to assume that the word "if" was inadvertently omitted.   At any rate, it was omitted for some reason, and the instruction in its present language is certainly equivalent to a peremptory instruction in favor of plaintiff.   This

instruction in the face of conflicting testimony on a material issue in the case was erroneous.

It is contended by defendant in error that from the reading of the entire charge it reasonably appears that the court intended to submit the issues to the jury. With this contention we cannot agree. The instruction is erroneous and we fail to find any reference to same or modification of same in the other paragraphs of the charge that would cure the error. We know of no reason for, nor valid object to be obtained by, the giving of an erroneous instruction and a correct instruction on the same issues and then leaving it to the jury as to which one they will follow. It is safer to leave the erroneous instruction out.

For the reasons given, the judgment should be reversed and the cause remanded.

By the Court: It is so ordered.